# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DARRYL WAYNE WILKERSON,**

      **Plaintiff,**

**v.**                                                  **Case No:   6:14-cv-1805-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Darryl Wayne Wilkerson (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for a period of disability and disability insurance benefits, in which he alleged a disability onset date of August 13, 2010.  Doc. No. 1; R. 275.  Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) failing to weigh and/or articulate good cause for not "fully crediting" the opinions of his treating physicians, Drs. Reginald Tall, Brian Barnard and Predeep Vangala; 2) not properly analyzing his shoulder impairment; and 3) not properly analyzing his dysphagia and emphysema.  Doc. No. 19 at 17-24, 30-36, 42-44.  Claimant argues the matter should be reversed and remanded for further proceedings.  *Id*. at 48.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

**I.**    **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.     ANALYSIS.

The record contains several opinions from Drs. Tall and Barnard concerning Claimant's functional limitations. The ALJ's decision reveals he considered these opinions, but inexplicably weighed only one opinion from those doctors, assigning each opinion great weight. R. 130-33. Claimant argues the ALJ erred by not weighing all of Drs. Tall's and Barnard's opinions. Doc. No. 19 at 32-34.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the

claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id.* at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"  *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

In January of 2011, Dr. Tall, an orthopedic surgeon, began treating Claimant's back impairment.  R. 573-74.  On January 27, 2011, Dr. Tall opined Claimant should not perform repetitive lifting greater than five (5) pounds, is capable of limited bending, stooping and overhead reaching, and must have the ability to change position every hour.  R. 574.  On January 3, 2012, Dr. Tall opined Claimant has reached maximum medical improvement with respect to his back impairment.  R. 736-37.  In addition, Dr. Tall opined Claimant should not perform repetitive lifting greater than ten (10) pounds, is capable of limited bending and stooping, and is not capable of repetitive overhead reaching.  R. 737.  Dr. Tall continued to treat Claimant through January of 2013, but offered no new and/or additional opinions concerning Claimant's functional limitations after January 3, 2012.  R. 742, 768-69, 833, 881.

In July of 2011, Dr. Barnard, an orthopedic surgeon, began treating Claimant's left shoulder impairment.  R. 698-99.  On July 11, 2011, Dr. Barnard opined Claimant is capable of lifting no more than five (5) pounds below shoulder height, and is not capable of any "forceful" pushing or pulling with the left arm.  R. 699.  On August 31, 2011, Dr. Barnard opined Claimant in not capable of working.  R. 653.  On September 2, 2011, Claimant underwent surgery on his left shoulder.  R. 625-27.  On September 12 and October 10, 2011, Dr. Barnard opined Claimant

is not capable of working.  R. 651-52.  On November 7, 2011, Dr. Barnard opined Claimant is able to lift a maximum of twenty (20) pounds.  R. 648.  On December 5, 2011, Dr. Barnard opined Claimant is capable of lifting no more than two (2) pounds above shoulder height and eight (8) pounds below shoulder height, and is not capable of "forceful" pushing and pulling.  R. 646.  On January 9, 2012, Dr. Barnard opined Claimant is capable of lifting no more than eight (8) pounds, but is not capable of repetitive overhead reaching and "forceful" pushing and pulling.  R. 739.  On February 13, 2012, Dr. Barnard opined Claimant's limitations are unchanged from January 9, 2012.  R. 741.  On March 26, 2012, Dr. Barnard opined Claimant has reached maximum medical improvement with respect to his left shoulder impairment.  R. 743-44.  In addition, Dr. Barnard opined Claimant is able to lift a maximum of twenty-five (25) pounds with his left arm, but only a maximum of fifteen (15) pounds overhead.  R. 743.  Dr. Barnard also opined Claimant should avoid "forceful" pushing and pulling.  *Id.*  On September 19, 2012, Dr. Barnard opined Claimant "at this time" is not able "to use the left arm for any activities."  R. 835.  On January 16, 2013, Dr. Barnard opined that Claimant "refrain from any attempts at trying to sublux his left shoulder."  R. 867.[1]

At step two of the sequential evaluation process, the ALJ found Claimant suffers from the following severe impairments: degenerative disc disease; hypertension; and rotator cuff tear.  R. 128.  At step four of the sequential evaluation process, the ALJ found Claimant has a RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations:

> [Claimant] needs a cane for ambulation.  The claimant can never climb ladders, ropes or scaffolds.  He can occasionally climb stairs, balance, stoop, kneel and crouch.  The claimant should avoid concentrated exposure to fumes, odors, dusts, gases and hazards such as machinery and heights.

---

[1] Subluxation is defined as "[a]n incomplete luxation or dislocation; though a relationship is altered, contact between joint surfaces remains."  Stedman's Medical Dictionary 1693 (26th ed.1995).

R. 128-29.[2]  In reaching this RFC, the ALJ discussed the medical and opinion evidence of record, including Drs. Tall's and Barnard's opinions.  R. 130-33.  However, the ALJ only weighed Dr. Tall's January 3, 2012 opinion and Dr. Barnard's March 26, 2012 opinion.  R. 133.

As previously mentioned, Claimant argues the ALJ erred by only weighing Dr. Tall's January 3, 2012 opinion and Dr. Barnard's March 26, 2012 opinion.  Doc. No. 19 at 32-34.  Drs. Tall and Barnard offered numerous opinions concerning Claimant's functional limitations throughout the relevant period.  R. 573-74, 698-99, 647-48, 646, 736-42, 743-44, 835.  The limitations generally focus on how much Claimant could lift, and his ability to bend, stoop, push/pull, and reach overhead, but also addressed the need to alternate positions.  *Id*.  The ALJ considered each of these opinions, but inexplicably only weighed Dr. Tall's January 3, 2012 opinion and Dr. Barnard's March 26, 2012 opinion.  R. 130-33.  The ALJ was required to weigh all of Drs. Tall's and Barnard's opinions, and erred by not doing so.  *Winschel*, 631 F.3d at 1179.

The Court finds the foregoing error is not harmless.  Failure to state the weight given to opinion evidence from a medical source will, in very limited circumstances, result in harmless error.  *See, e.g.*, *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error.  When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citation omitted); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) ( "Although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their

---

[2] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

opinions is harmless."). In this case, Drs. Tall's and Barnard's opinions prior to their findings of maximum medical improvement indicate that Claimant can lift no more than five (5) or eight (8) pounds, and/or that he needs to change position every hour. R. 574, 646, 738-41. In addition, after his finding of maximum medical improvement, Dr. Barnard opined Claimant is unable to use his left arm for any activities. R. 835. The ALJ did not weigh these opinions, which are more restrictive than his RFC determination. *See* R. 126-36. As such, the Court cannot conclude the ALJ's failure to weigh these opinions is harmless error. Accordingly, the Court finds the case must be reversed and remanded for further proceedings.[3]

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 10, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court finds this issue dispositive and does not address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record). While the Court will not address Claimant's remaining arguments in detail, the Court would find it beneficial if the ALJ would provide further explanation in support of the weight he assigned to Dr. Vangala's opinion.

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Aaron M. Morgan
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg. Suite 400
8880 Freedom Xing Trl.
Jacksonville, FL 32256-1224